UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION

| | |
|---|---|
| ECLIPSEMED GLOBAL, INC., ET AL., )<br>)<br>Plaintiffs, )<br>)<br>VS. )<br>)<br>AMNON ZAKAY, ET AL., )<br>)<br>Defendants. ) | CIVIL ACTION NO.<br><br>3:10-CV-1105-G<br><br>**ECF** |

## MEMORANDUM OPINION AND ORDER

This court is required to examine the basis for its subject matter jurisdiction, on its own motion if necessary. *Torres v. Southern Peru Copper Corp.*, 113 F.3d 540, 542 (5th Cir. 1997). Diversity of citizenship is alleged as the basis for subject matter jurisdiction in this case. Complaint ¶ 4. The plaintiff Eclipsemed Global, Inc. is alleged to be a Texas corporation. *Id*. ¶ 1. The plaintiff Eclipsemed, Ltd. is alleged to be a Texas limited partnership. *Id*. ¶ 2. The defendant Amnon Zakay is alleged to be a resident of California. *Id.* ¶ 3.

Diversity if citizenship jurisdiction requires that the citizenship of each plaintiff must be different from the citizenship of each defendant. *Strawbridge v.*

*Curtiss*, 3 Cranch 267, 7 U.S. 267 (1806). The court cannot tell from the plaintiffs' allegations whether this rule is satisfied.

First, the principal place of business of the plaintiff Eclipsemed Global, Inc. iis not alleged. 28 U.S.C. § 1332(c)(1) provides that "a corporation shall be deemed to be a citizen of any State by which it has been incorporated and of the State where it has its principal place of business . . .". Thus, if the plaintiff Eclipsemed Global, Inc. has its principal place of business in California, this court would not have subject matter jurisdiction.

Second, the citizenship of artificial entities other than corporations is determined by the citizenship of their members. See *Carden v. Arkoma Associates*, 494 U.S. 185 (1990). This rule applies to limited partnerships such as the plaintiff Eclipsemed, Ltd. Thus, if any general or limited partner of Eclipsemed, Lts. is a citizen of California, the court would lack subject matter jurisdiction.

Third, the allegation of residence for the defendant Amnon Zakay is not sufficient as an allegation of citizenship. *Strain v. Harrelson Rubber Co.*, 742 F.2d. 888, 889 (5th Cir. 1984) ("an allegation of residency does not satisfy the allegation of citizenship").

Within ten days of this date, the plaintiffs shall file and serve an amended complaint alleging the principal place of business of the corporate plaintiff, the names and citizenship of all members of the limited partnership plaintiff, and the citizenship

of the defendant. Failure to timely file such an amended complaint will result in dismissal of this case without further notice.

**SO ORDERED**.

June 14, 2010.

_____
**A. JOE FISH**
**Senior United States District Judge**